IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| COLLEEN P. HARRIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | 7 : 04-CV-62 (RLH) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**ORDER**

The plaintiff herein filed this Social Security appeal on June 3, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her application for disability benefits on March 6, 2001, alleging disability since June 15, 1994, due to pain from neck, jaw, and back injuries. Her application was denied throughout all administrative levels, and following a hearing, the ALJ determined that the plaintiff retained the ability to perform sedentary work, allowing her to return to her past relevant work as a secretary and grading clerk. The Appeals Council denied review and the plaintiff filed this appeal, arguing that the ALJ erred in making credibility findings regarding

plaintiff's subjective accounts of pain and limitation.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler,

761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ found that the plaintiff suffered from degenerative disc disease of the cervical spine, TMJ, and diminished vision in her left eye.  He determined

> [a]fter reviewing the entire file, [that] . . . the claimant's testimony as to her pain and limitations is only partially credible.  While the record shows that the claimant has impairments that could reasonable [sic] cause pain, the evidence does not show that the claimant was in such pain that she could not work.  In fact, at the hearing the claimant testified that she attempted to work as a paralegal/title searcher for several months.  She also testified that she continued to do volunteer work several days each week.  While the claimant is restricted in her ability to perform work-related activities, she is not precluded from all such activities.  She completes household chores, does volunteer work, drives to appointments, and is independent in performing the activities of daily living.

R. at 29.

In the hearing before the ALJ, the Plaintiff testified to volunteering for ten (10) hours per

week, over the course of two (2) days per week.  R. at 164.  She testified that "[a] lot of times when I get through, I have to come home and take a lot of pain pills and muscle relaxers".  R. at 168.  On other days, plaintiff testified to doing some housework, painting, and driving only short distances.  R. at 170.  She stated that because of her decreased vision and daily pain, she would have difficulty working an eight (8) hour day.  R. at 172.

A review of the plaintiff's testimony and the ALJ's conclusions regarding the credibility of her statements reveals that the ALJ's conclusions are supported by substantial evidence.  The ALJ provided specific reasons for finding the plaintiff's subjective accounts of disabling pain not fully credible, based on plaintiff's testimony regarding volunteer work during the week, limited daily activities, and the ability to function independently.  As the Commissioner points out, none of plaintiff's treating or examining physicians imposed any restrictions on her functional activities during the time period in question.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).  **SO ORDERED**, this 26th day of August, 2005.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE